WIDOW A. M. E. CRANE

VS.

GEORGE SLADOVICH

# 7680

No. 7680

January 26, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit to recover from the defendant an unexpended balance of money deposited in his hands for expenses of suit.

The plaintiff alleges that by a written contract dated December 1915 she employed the defendant George A. Sladovich and Jose A. Morales, attorneys at law, for the purpose of recovering certain lands described in the contract; and for this purpose she agreed "to cover the first expenses not to exceed $300"; that accordingly, on December 18th, 1916, she paid to Sladovich and Morales $150, and thereafter they obtained from her further money; that the sums advanced by her to them amount in all to $370.75; that the said Sladovich and Morales filed in her name in the Civil District Court a suit which was dismissed on an exception of no cause of action; that all the costs paid by the defendant amount to $36.05; and he owes the petitioner the balance of $334.70; that for reasons of her own she discharged the said Sladovich and Morales, and caused their names to be stricken from the docket as her attorneys; that Morales has accounted to her for money received by him and she has released him from further liability to her -; and she prays for judgment for $334.70 against Sladovich.

The defendant admitted the contract sued on, but specifically denied all the allegations contained in the several paragraphs of plaintiff's petition; he further alleged that he had been dismissed "for no good cause or reason whatever".

There was judgment in favor of plaintiff for the full amount claimed, and the defendant has appealed.

The plaintiff had the right to discharge the defendant as her attorney at any time. In the case of Gurley vs. City of New Orleans, 41 A., 75, the Court said:

"A contract for the services of members of the legal profession is not a hiring of labor, but a mandate. A principal has the right to revoke powers of agency given

211

oy him for an indefinite period x x x such power to revoke
and such contingent forfeiture are implied in such a case".

But if this is not the law of the case, Sladovich was dismissed with his own consent, for, in a letter dated March 29th, 1917 addressed by him to the plaintiff, he says to her:

"Whatever you will suggest or decide it will be fully satisfactory to me; I will fully abide with wishes of you all, even if you would decide to select another attorney, if not satisfied with me".

We have nothing to do with the question of compensation which might or might not be due these attorneys, as that issue has not been raised in this case. The only questions are how much has the plaintiff paid the defendants, how much have they spent, and what is the balance due by the defendant to the plaintiff.

Commercial partners are such as are formed for the purpose of buying and selling personal property and for carrying personal property for hire in ships or other vessels. C.C. 2825 (2796).

Ordinary partnerships are all such as are not commercial. C. C. 2826 (2797).

"A law partnership is an ordinary, and not a commercial one. The partners are bound jointly and not in solido". Dyer vs Drew, 14 A., 657.

Therefore, Sladovich can be made liable only for one half of what has been received by him and Morales jointly, and for the whole of what he has received individually.

The plaintiff has established by checks drawn by her to the order of "Geo. Sladovich and J. A. Morales", and by them indorsed individually, that she paid to then the following sums:

| | | |
|---|---|---|
| December 18th, 1916 | | $ 150.00 |
| " 30th, " | | 50.00 |
| Making a total of | | $ 200.00 |

And that she paid George Sladovich by checks drawn by her to his own order and by him endorsed the following amounts:

| | | |
|---|---|---|
| January 8th, 1917 | | $ 50.00 |
| " 22nd, " | | 35.00 |
| March 6th, " | | 50.00 |

And that at the request of Sladovich, she $135.00
paid De Poincy 15.00

Total $ 150.00

212

Making a total of $350 in all.

In a letter dated March 29th, 1917 addressed by Sladovich to the plaintiff he says:

"As you have spent already $300, I will have to spend now my share, or better to say, the same amount of $300 and deposit my money of $600 with the Court".

Again, in his testimony, Sladovich says that he and Morales received from Mrs. Crane $300, and that she paid about $70 to other parties.

The plaintiff has therefore established with certainty

| | |
|---|---:|
| that she advanced Sladovich and Morales jointly | $200.00 |
| and Sladovich individually | $135.00 |
| and De Poincy | $ 15.00 |
| Making a total of: | $350.00 |

or $50 more than she agreed to advance. Plaintiff does not testify to any other item of payment made by her.

Of this item of $200, Sladovich and Morales are entitled to the following credits: They say they paid Uholt for researches preceding the filing of the suit $50; Uholt says it was $75 or $100; we shall fix it at $75. They are also entitled to a credit of $35 paid to J. A. de Poincy for investigations, leaving a balance due oy them, on that item, of $90. But they owe the plaintiff $50 for money paid by plaintiff in excess of the amount she agreed to advance – making $140 or $70 each.

They are not entitled to any credit for the costs of Court of $36.05, because Morales testifies that he paid them out of his share of the money advanced by Mrs. Crane. Saldovich claims other credits, but his testimony is vague, uncertain, and in some instances incorrect, and in the main in contradiction of his sworn answer. This fixes the balance due by Sladovich at $135 plus $70 or $205.00.

It is therefore ordered that the judgment herein be reduced from Three Hundred and thirty-four 70-100 Dollars to Two Hundred and Five dollars, and as thus amended that it be affirmed. Costs of appeal to be paid by plaintiff.

January 26th, 1920.